**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

          Plaintiff,

**v.**

**TIJUAN ARRINGTON**,

          Defendant.

**Case No.:   3:26CR9-1
(GROH)**

## <u>DETENTION ORDER</u>

On April 10, 2026, came the United States of America by Eleanor F. Hurney, Assistant United States Attorney, and came Defendant, TIJUAN ARRINGTON, in person and by his counsel, Sean Thomas Logue, Esq., for a hearing on the United States Motion to Detain [ECF No. 8], in accordance with the Bail Reform Act, Title 18, United States Code, Section 3142(f). The parties presented evidence and witness testimony was taken.

### A. The Standards

Title 18, United States Code, §§ 3142(g) and 3142(c) provide the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

1.     The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

1

2.	The weight of the evidence against the person;

3.	 The history and characteristics of the person, including but not limited to community ties, employment, criminal history, record of court appearance or whether the person was on probation or parole at the time the current offense was committed; and

4.	The seriousness of the danger to any person or the community that would be posed by the person's release.

## B.  Findings of Fact and Conclusions of Law

On March 17, 2026, an indictment was filed against the Defendant charging him with the following: COUNT ONE- Conspiracy to Commit Wire Fraud; and COUNT TWO THROUGH SIX- Wire Fraud.

The Court finds as follows:

1. Defendant is a serious risk of flight by a preponderance of the evidence.

2. The weight of evidence against the defendant is strong and Defendant is subject to a lengthy period of incarceration if convicted.

3. The Defendant has a significant criminal history which includes participation in criminal activity while on probation, parole, or supervision.

4. Defendant has a history of violence or use of weapons; a history of prior failure to appear in court as ordered and a history of prior violations of probation, parole, or supervised release.

5. The proposed residence is not suitable as it is where the Defendant was residing when the alleged crimes contained in the indictment were committed. Further, when the residence was searched following the Defendant's arrest,

firearms were found at the residence. Although the firearms have since been removed, Defendant is a prohibited person and should never have had firearms in the residence.

6.  Further, the proposed third-party custodian does not provide the court assurance that Defendant will not continue to be a danger to the community while on release as he was living with her during the time when the alleged crimes contained in the indictment were committed. In addition, when the residence was searched following Defendant's arrest, firearms were found in her residence of which she had no knowledge at the time.

7.  Defendant's past criminal history and actions show that he would be a danger to this community by clear and convincing evidence.

8.  No bond conditions pursuant to 18 U.S.C. 3142(c) could be set to reasonably ensure the appearance of Defendant and the safety of the community.

## C.  Decision

Based upon the evidence presented and the above findings of fact and conclusions of law, the Government's Motion to Detain [ECF No. 8] is **GRANTED.** Accordingly, it is hereby

**ORDERED** that:

1.  Defendant is hereby remanded to the custody of the United States Marshals pending further proceedings in this case;

2.  Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.   Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5.   Any party seeking revocation or amendment of this Order shall file a motion pursuant to 18 U.S.C. § 3145.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: 4-10-2026**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE