**FILED**

MAY 19 2026

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | |
| v. | Criminal No.   **3:26-CR-9** |
| | |
| TIJUAN ARRINGTON, | Violations:   18 U.S.C. § 1343 |
| DAVID WALTERS, and | 18 U.S.C. § 1349 |
| GREGORY DEAN, | 18 U.S.C. § 1957 |
| | |
| Defendants. | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## COUNT ONE

(Conspiracy to Commit Wire Fraud)

1.      From in or about October of 2024, and continuing through the date of this Indictment, in Berkeley County, in the Northern District of West Virginia, and elsewhere, the defendants **TIJUAN ARRINGTON, DAVID WALTERS, GREGORY DEAN,** and others, knowingly and intentionally conspired and agreed to devise a scheme and artifice to defraud, and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and deprive, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain signs and signals, in violation of 18 U.S.C. § 1343.

1

*Object of the Conspiracy*

2.    The object of the conspiracy was for defendants **TIJUAN ARRINGTON, DAVID WALTERS, GREGORY DEAN**, and others, to unlawfully obtain funds to which they were not entitled by obtaining United States Treasury Checks, fraudulently incorporating or otherwise establishing companies, and applying to the Internal Revenue Service for Employer Identification Numbers for those companies, which were then used to open business bank accounts in which to deposit those checks.

3.    It was further a purpose and object of the conspiracy for defendants **TIJUAN ARRINGTON, DAVID WALTERS, GREGORY DEAN**, and others to hide, conceal, and cover up the nature and scope of their unlawful activity.

*Manner and Means of the Scheme and Artifice*

4.    It was a part of the conspiracy that conspirators obtained United States Treasury checks which had been legitimately issued to real entities or individuals.

5.    It was further a part of the conspiracy that the conspirators would submit applications to the Internal Revenue Service's ("IRS") Modernized Internet Employer Identification Number ("MOD IEIN") portal, all of which were processed at an IRS facility in Martinsburg, West Virginia, to obtain Employer Identification Numbers ("EINs") for entities similarly named to entities to which a Treasury Check had been issued.

6.    It was further a part of the conspiracy that conspirators used the EINs obtained for the imposter entities to open business bank accounts at financial institutions to deposit the United States Treasury Checks.

2

7.      It was further a part of the conspiracy that conspirators would then rapidly withdraw the fraudulently obtained funds from the business bank accounts by various means to obtain as much funds as possible before the financial institutions detected the fraud and closed the accounts.

All in violation of Title 18, United States Code, Section 1349.

<u>**COUNTS TWO THROUGH SIX**</u>

(Wire Fraud)

1.      Paragraphs One through Seven of Count One of this Indictment are incorporated herein by reference as if repeated and re-alleged in full.

2.      From in or around October of 2024, and continuing through the date of this Indictment, in Berkeley County, in the Northern District of West Virginia, and elsewhere, the defendants **TIJUAN ARRINGTON, DAVID WALTERS**, and **GREGORY DEAN**, devised and intended to devise a scheme and artifice to defraud the United States Treasury and other individuals and entities and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

*The Scheme to Defraud*

It was part of the scheme to defraud that:

3.      The defendants, **TIJUAN ARRINGTON, DAVID WALTERS**, and **GREGORY DEAN**, unlawfully obtained United States Treasury Checks payable to real entities or individuals.

4.      The defendant, **TIJUAN ARRINGTON**, transmitted and caused to be transmitted applications to the IRS requesting that an EIN be assigned to an entity similar named to an entity to which a Treasury Check had been issued, using the MOD IEIN portal.

5.      The defendants, **TIJUAN ARRINGTON, DAVID WALTERS**, and **GREGORY DEAN**, would then use the newly obtained EIN to create a business bank account in the name of the imposter business.

6.      The defendants, **TIJUAN ARRINGTON, DAVID WALTERS**, and **GREGORY DEAN**, would deposit the United States Treasury Check into the newly opened account, and rapidly draw down the funds in the account by various means before the fraud could be detected and the funds frozen.

4

*The Wire Communications*

7.    On or about the dates listed below, in Berkeley County, in the Northern District of West Virginia, and elsewhere, the defendants **TIJUAN ARRINGTON, DAVID WALTERS, GREGORY DEAN**, and others, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, writing, signs, signals, pictures, and sounds for the purpose of executing such scheme, each transmission constituting a separate count:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 2 | November 26, 2024 | Electronic application for EIN through MOD IEIN for "Williams Homes Inc," which was transmitted from outside of the Northern District of West Virginia, and received at the IRS processing center in Martinsburg, West Virginia. |
| 3 | November 29, 2024 | Electronic application for EIN through MOD IEIN for "Softub Inc," which was transmitted from outside of the Northern District of West Virginia, and received at the IRS processing center in Martinsburg, West Virginia. |
| 4 | January 14, 2025 | Electronic application for EIN through MOD IEIN for "Williams Homes Inc," which was transmitted from outside of the Northern District of West Virginia, and received at the IRS processing center in Martinsburg, West Virginia. |
| 5 | June 30, 2025 | Electronic application for EIN through MOD IEIN for "Mcnmaee Hosea PA," which was transmitted from outside of the Northern District of West Virginia, and received at the IRS processing center in Martinsburg, West Virginia. |
| 6 | June 30, 2025 | Electronic application for EIN through MOD IEIN for "Invo Peo Inc V," which was transmitted from outside of the Northern District of West Virginia, and received at the IRS processing center in Martinsburg, West Virginia. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN
(Transactional Money Laundering)

1.     Paragraphs One through Seven of Count One and Paragraphs One through Seven of Counts One through Six of this Superseding Indictment are incorporated herein by reference as if repeated and re-alleged in full.

2.     On or about December 31, 2024, in the Northern District of West Virginia, and elsewhere, defendant **TIJUAN ARRINGTON** did knowingly engage in a monetary transaction through and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, that is, defendant **TIJUAN ARRINGTON** utilized a $20,475.00 Cashier's Check to purchase a BMW X6, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, which occurred in Berkeley County in the Northern District of West Virginia.

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

1.      The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

2.      Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1956(c)(7)(A), 1961(1), and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property, real or personal, which constitutes or derives from proceeds traceable to a violation of Title 18, United States Code, Section 1343, or a conspiracy to violate such offense, and the forfeiture or any property, real or personal, which constitutes or derives from proceeds traceable to a violation of Title 18, United States Code, Section 1957, and any property traceable to such property, including a 2022 BMW X6 VIN 5UXCY6C00N9K90634, and a money judgment in the amount of at least approximately $232,648.85.

3.    Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Foreperson

/s/_____
MATTHEW L. HARVEY
United States Attorney

Eleanor F. Hurney
Assistant United States Attorney

Morgan S. McKee
Assistant United States Attorney