**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
MARTINSBURG

**UNITED STATES OF AMERICA,**

Plaintiff**,**

v.                                                        **Case No.:   3:26CR9-2
(GROH)**

**DAVID WALTERS,**

Defendant.

## INITIAL SCHEDULING ORDER ON SUPERSEDING INDICTMENT

On May 21, 2026, came the United States of America by Eleanor F. Hurney, Assistant United States Attorney, and also came Defendant, DAVID WALTERS, in person and by counsel, Nicholas F. Colvin, Esq. for an initial appearance and arraignment on the superseding indictment in the above-styled criminal action.  The Magistrate Judge, in open court, determined that Defendant had received a copy of the superseding indictment.  Defendant waived reading of the superseding indictment and entered a not guilty plea to the charges contained therein.

Further, based on the superseding indictment, Defendant and his counsel orally rmoved for a continuance of the dates and deadlines in this case. Upon consideration, the Court finds good cause to grant defendant's oral motion to continue the dates and deadlines in this case. The Court has considered the factors outlined in 18 U.S.C. § 3161 and finds that the ends of justice served by granting the continuance outweigh the best interest of the public and Defendant in a speedy trial. Specifically, the Court finds that this time shall be excluded from speedy trial computation because failure to grant a continuance would deny Defendant's counsel the reasonable time necessary for

1

effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. §.3161(h)(7)(B)(iv). Accordingly, the Court sets the following disclosure, pre-trial and trial dates:

IT IS ORDERED THAT:

(1)     Pursuant to the Defendant's request, the United States Attorney shall provide Defendant's counsel with copies of pre-trial discovery and inspection on or before **May 28, 2026**.

Defendant shall provide reciprocal discovery pursuant to LRCrP 16.01(c) on or before **June 4, 2026**.

Any declination of disclosure, additional discovery or inspection and additional evidence shall be in accordance with LRCrP16.02, 16.03, and 16.04.

(2)     Exculpatory evidence shall be disclosed on or before **May 28, 2026**. LRCrP 16.05.

(3)     All motions, including any motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and LRCrP 47.01, shall be filed on or before **June 30, 2026**.  All such motions shall contain or be accompanied by a memorandum or brief presented at the time of filing setting forth the reasons and legal support for granting such motion.  If this memorandum or brief is not presented at the time of filing, the motion will be dismissed.

(4)     Responses to all such motions with legal support or memorandum shall be filed on or before **July 7, 2026**.

(5)     A hearing on all motions, if referred to the Magistrate Judge by the Court, shall be held by the Magistrate Judge on **July 8, 2026**, **at 1:30 p.m.**  If any of the pre-

2

trial motions require the taking of testimony, the party offering the testimony shall notify the Magistrate Judge's Chambers seven (7) days prior to the hearing to obtain a court reporter for the hearing.  The defendant shall be present at the hearing on all pre-trial motions.  The United States Marshals Service requires that subpoenas for witnesses be issued ten days prior to the date of the hearing in order for them to be able to serve them.

(6)    Rule 404(b), Giglio, and Roviaro evidence shall be disclosed on or before **July 7, 2026**.  LRCrP16.06.

(7)    It is requested that the government disclose materials described in 18 U.S.C. § 3500 (Jencks Act material) on or before **July 7, 2026**.

(8)    All proposed voir dire questions, motions in limine (which must be limited to matters actually in dispute) and proposed jury instructions shall be submitted by counsel to the Court and opposing counsel on or before **July 9, 2026**.

The proposed jury instructions will (1) contain the style of the case, (2) the name of the party submitting the jury instructions, (3) be separately and consecutively numbered, (4) state by title the subject matter of the instruction, and (5) include a recorded citation of authority in support of the proposed jury instruction.

Counsel are required to provide to the court by email the voir dire and instructions in WordPerfect or Microsoft Word format.  Please contact the District Judge's Chambers for an email address prior to filing.

(9)    By **July 7, 2026,** counsel for each party shall file with the United States Clerk's Office, Martinsburg Division and serve upon opposing counsel a list of probable witnesses and possible witnesses (identified as such), but not whether or not the

3

Defendant shall be a witness.  The list shall state the full name and address of each witness and shall also contain a brief statement of the subject matters to be covered by each witness.  Expert witnesses and record custodians, shall be identified as such on the list.  LRCrP16.07.

(10)    By **July 7, 2026**, counsel for each party shall file with the United States Clerk's Office, Martinsburg Division and serve upon opposing counsel a list of exhibits to be offered at trial.  In addition, counsel for each party shall number the paper originals of the listed exhibits with evidence tags which may be obtained from the Clerk and shall exchange a complete set of marked exhibits with opposing counsel (except for large or voluminous items or other exhibits that cannot be reproduced easily).  LRCrP16.08. **Further, each party shall deliver to the Clerk's Office a courtesy paper copy of their marked exhibits for the Court's review and preparation for trial**. Each party shall retain the original exhibits, which are to be tendered to the Clerk at trial.

(11)    If this matter results in the formulation of a plea agreement, counsel shall submit to the Court the executed plea agreement or an unexecuted final proposed agreement by **July 14, 2026**.

(12)    A pre-trial conference in this case will be held on **July 27, 2026, at 9:30 a.m.,** before the Honorable Gina M. Groh, to discuss all pending matters and to confirm the trial date.

(13)    **Jury selection** in this matter will be conducted before the Court at the following time and place:

W. Craig Broadwater Federal Building and U.S. Courthouse
217 West King Street
Martinsburg, West Virginia  25401

Second Floor before District Judge Groh

4

**July 28, 2026, at 9:00 a.m.**

(14)   **Trial** will commence upon completion of jury selection in all cases scheduled for trial.

**IF A PARTY DESIRES TO FILE A MOTION FOR A CONTINUANCE OF A TRIAL OR ANY OTHER SCHEDULED EVENT, COUNSEL FOR THAT PARTY SHALL, PRIOR TO THE FILING OF ANY MOTION, MEET AND CONFER WITH OPPOSING COUNSEL AND AGREE UPON THREE NEW DATES SHOULD THE MOTION BE GRANTED AND THAT INFORMATION SHALL BE INCLUDED IN THE MOTION.  IF COUNSEL FOR THE OPPOSING PARTY OBJECTS TO A CONTINUANCE, THAT FACT SHALL ALSO BE NOTED IN THE MOTION.**

(15)   Defendant shall appear at every scheduled matter including, but not limited to, motion hearing, pretrial conference, trial and every other proceeding. If incarcerated, the U.S. Marshal Service are directed to transport the Defendant.

(16)    Defense counsel shall notify the Clerk of Court in writing at least a week in advance if the services of an interpreter are required for a hearing or trial.

**IT IS FURTHER ORDERED** that Defendant be **RELEASED on the terms of the Order Setting Conditions of Release filed herein.**

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 5-21-2026

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE